UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHRISTOPHER KATTIS,

                      Petitioner,

        -against-

MARK ROCKWOOD,

                      Defendant.
-------------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-CV-6916 (JMA)

**AZRACK, United States District Judge:**

Before the Court is pro se petitioner Christopher Kattis' ("Petitioner") unopposed motion to reopen his habeas corpus proceedings. For the reasons explained below, Petitioner's motion is GRANTED.

Petitioner filed the instant habeas petition pursuant to § 2254 petition on December 5, 2019.[1] On December 13, 2019, the Court granted Petitioner's motion to proceed in forma pauperis and ordered the New York Attorney General or the Suffolk County District Attorney to show cause why a writ of habeas corpus should not be issued. On January 6, 2020, the Suffolk County District Attorney responded by moving to dismiss the petition on grounds that Petitioner had not exhausted any of his claims. (ECF No. 11.)[2]

During the pendency of the motion to dismiss, on July 19, 2021, Petitioner filed a notice of voluntary dismissal without prejudice under Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. (ECF No. 29.) In accordance with the voluntary dismissal, the case was closed on July 20, 2021. (ECF No. 30.) On July 29, 2021, Petitioner then filed a request to withdraw the voluntary

---

[1] The Court recites only those facts necessary insofar as to resolve this motion. (ECF Nos. 32, 36.)
[2] Since then, Petitioner has filed several documents and requests with the Court, none of which are relevant or necessary to the deposition of the motion.

dismissal pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 32,36.) Petitioner's affidavit explains that he believes his voluntary dismissal now precludes him from re-filing another habeas petition with the same claims. He claims this represents an "extreme hardship." (ECF No. 34.)

Respondent does not object to Petitioner's motion. (ECF No. 42.) In its response, Respondent defers to this Court's discretion and requests sixty (60) days to respond to the petition in the event the Court reopens the case. (Id.) Respondent also notes that while the Appellate Division, Second Department affirmed petitioner's conviction and the Court of Appeals denied leave to appeal that decision, the petitioner has submitted a fourth CPL 440.10 motion to vacate the judgment of conviction which is currently pending in the County of Suffolk. (ECF No. 42 at 1.)

The Court may dispose of this issue in brief manner as Petitioner's motion is unopposed. It is well-established that federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. See Devino v. Duncan, 215 F.Supp.2d 414, 418 (S.D.N.Y. 2002). When this relief is made under Rule 60(b), it is committed to the sound discretion of the court. Id. see also Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012)(citing Montco, Inc. v. Barr (In re Emergency Beacon Corp.), 666 F.2d 754, 760 (2d Cir. 1981)). In particular, Rule 60(b)(6) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice and it constitutes a grand reservoir of equitable power to do justice in a particular case." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004)(citing Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir. 1986), cert. denied, 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987)). "It is properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship" Id. at 56.

Here the Court exercises its broad discretion in granting Petitioner's request to reopen his case. The Court finds no circumstances such as prejudice to respondent or undue delays that bar going forward with this case on its docket.  Cf. Brown v. Hecht, No. 6:17-CV-06560 EAW, 2021 WL 5707378, at *2 (W.D.N.Y. Nov. 29, 2021) (denying request to reopen habeas petition where petitioner waited 16 months begin requesting to reopen his case).

For the foregoing reasons, Petitioner's motion to withdraw his voluntary dismissal is granted. The Court grants Respondent sixty (60) days from the date of this Order to respond to the Petition. (ECF No. 1.) The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Petitioner.

**SO ORDERED.**

Dated:  March 29, 2022
          Central Islip, New York

                                              /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE