UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHRISTOPHER KATTIS,

                        Petitioner,

            -against-

MARK ROCKWOOD, *Superintendent Gouverneur Correctional Facility*,

                        Respondent.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
19-CV-06916 (JMA)

FILED
CLERK
12:41 pm, Jun 07, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Pro se Petitioner Christopher Kattis moves under 28 U.S.C. § 2254 to vacate his convictions for sexually abusing his minor stepdaughter that resulted from his guilty plea in New York State Supreme Court, Suffolk County. (See generally Am. Pet. for Writ of Habeas Corpus ("Amended Petition"), ECF No. 49.) Petitioner contends that the indictment underlying those convictions was jurisdictionally defective and unconstitutional because it failed to provide adequate notice of the offense. (See id. at 6.) For the reasons set forth below, the Amended Petition is DENIED.

## I. BACKGROUND

**A. Facts**

**1. Petitioner's Convictions**

In September 2016, a grand jury in Suffolk County, New York indicted Petitioner for Course of Sexual Conduct Against a Child in the First Degree and Second Degree, in violation of N.Y. PENAL LAW §§ 130.75(1)(b) and 130.80(1)(b). (ECF No. 50-10 at 1.) Those charges were brought alongside two misdemeanor charges for Endangering the Welfare of a Child, in violation of § 260.10(1). (Id.) All charges concerned Petitioner's sexual conduct with his stepdaughter, then

under thirteen years old, in Suffolk County between approximately April 2015 and March 1, 2016. (Id. at 2-3.)

The same month Petitioner was indicted in Suffolk County, a grand jury in Nassau County, New York indicted Petitioner for Course of Sexual Conduct Against a Child in the Second Degree in violation of § 130.80(1)(b).  See People v. Kattis (Kattis II), 147 N.Y.S.3d 428, 428 (App. Div. 2nd Dep't 2021).  That charge similarly concerned Petitioner's sexual conduct with his stepdaughter but was based on events that occurred in Nassau County between approximately March 1, 2016 and September 1, 2016.  See id. at 428-29.

On May 12, 2017, Petitioner pled guilty to all charges in the Suffolk County case.  (See Plea Hr'g Tr., ECF No. 50-19 6:6-23:8.)  Petitioner stated on the record that he pled guilty knowingly and voluntarily, of his own free will and free of threats or coercion, understanding the rights waived by pleading guilty, and with the expectation that he would receive concurrent sentences for the convictions resulting in ninety months of incarceration and eighteen years of post-release supervision. (See id. 7:12-12:13, 14:9-18:24.)  The court informed Petitioner three times that the Suffolk County prosecution was independent of the then-pending criminal case in Nassau County; Petitioner's counsel confirmed that understanding.  (See id. 12:14-14:4.) Petitioner allocuted to the offense conduct—that, during the charged period and in Suffolk County, Petitioner subjected his minor stepdaughter to pornographic videos and subjected her to two or more acts of oral and anal sex.  (See id. 19:2-21:11.)  The court then accepted Petitioner's guilty plea. (See id. 21:12-22:1.)

On May 31, 2017—nineteen days after he pled guilty in the Suffolk County case— Petitioner pled guilty to the charge against him in Nassau County.  Kattis II, 147 N.Y.S.3d at 428.

2

In July 2017, Petitioner was sentenced in the Suffolk County case. (See Sentencing Hr'g Tr., ECF No 50-20.) At the start of that proceeding, Petitioner reaffirmed his guilt for the crimes to which he pled guilty in Suffolk County. (See id. 2:23-4:2.) Though the government recommended a harsher sentence, the court imposed the bargained-for sentence discussed at the plea hearing: ninety months of incarceration and eighteen years of post-release supervision. (See id. 4:3-7:16.)

The following month, Petitioner was sentenced in the Nassau County case to four years of incarceration and five years of post-release supervision. (Karla Lato Aff., ECF No. 50 ¶ 28.) The court imposed that sentence to run concurrently with the longer sentence imposed in the Suffolk County case. (Id.)

### 2. Petitioner's Efforts To Overturn His Convictions

In January 2018, Petitioner moved to vacate his Suffolk County convictions and set aside his sentence under N.Y. CRIM. PROC. LAW §§ 440.l0(l)(h) and 440.20 based on (1) ineffective assistance of counsel before, but not in connection with, his plea, and (2) the supposed "illegal[ity]" of the sentence. (See State Ct. R. Part 1, ECF No. 50-21 at 122-39.) In August 2018, the Supreme Court, Suffolk County denied Petitioner's motion as "based upon unsubstantiated and conclusory allegations" and otherwise barred by his plea waiver. (See id. at 119-20 & n.3.)

In March 2019, Petitioner again moved to vacate his Suffolk County convictions under § 440.l0(l)(h), this time based on a violation of double jeopardy rights. (Karla Lato Aff., ECF No. 50 ¶ 34.) In June 2019, the Supreme Court, Suffolk County denied the motion as procedurally and substantively deficient. (See State Ct. R. Part 1, ECF No. 50-21 at 346.) The Appellate Division, Second Department denied leave to appeal that decision. (See State Ct. R. Part 2, ECF

3

No. 50-22 at 227; see also Karla Lato Aff., ECF No. 50 ¶ 35 ("This was the only CPL 440 determination that was appealed.").)

Petitioner's direct appeal of his Suffolk County convictions was also unsuccessful.  (See, e.g., State Ct. R. Part 1, ECF No. 50-21 at 157-81 (Petitioner's opening appellate brief).)  The Appellate Division, Second Department affirmed those convictions in July 2021.  People v. Kattis (Kattis I), 146 N.Y.S.3d 839, 839 (App. Div. 2nd Dep't 2021).  The court rejected Petitioner's arguments that (1) the Suffolk County indictment was jurisdictionally defective and unconstitutional for failing to provide adequate notice of the full time period for the offense conduct; (2) the alleged deficiency in the indictment rendered the guilty plea not knowingly, voluntarily, and intelligently made; and (3) certain convictions should be reversed as duplicitous.  See id.  The Appellate Division reasoned that the first and second arguments were meritless, and the third argument was barred by Petitioner's guilty plea.  See id.  The New York Court of Appeals denied leave to appeal that decision.  People v. Kattis, 37 N.Y.3d 1060 (2021), reconsideration denied, 37 N.Y.3d 1162 (2022).

Petitioner, however, succeeded in his direct appeal of his Nassau County conviction.  In July 2021, the Appellate Division, Second Department reversed the Nassau County conviction because "the indictments in both counties, viewed together, alleged a single continuing and uninterrupted offense against the same alleged victim" and therefore "constitutional double jeopardy principles precluded a second conviction, in Nassau County, after the Suffolk County criminal action terminated in a conviction by plea of guilty."  Kattis II, 147 N.Y.S.3d at 429.

Finally, in December 2021, Petitioner again moved to vacate his Suffolk County convictions under § 440.l0(l)(h) based on ineffective assistance of counsel. (See State Ct. R. Part 1, ECF No. 50-21 at 230-36.) In February 2022, the Supreme Court, Suffolk County denied the motion as procedurally and substantively deficient. (See id. at 216-20.)

**B.     Procedural History**

Petitioner filed his petition for a writ of habeas corpus ("Petition") in this Court in December 2019. (ECF No. 1.) The Petition challenged Petitioner's Suffolk County convictions on the grounds that (1) the indictment was jurisdictionally deficient, (2) double jeopardy principles prohibited that prosecution, and (3) Petitioner did not knowingly and voluntarily enter his guilty plea and appellate waiver. (See id. at 7, 10, 15, 17, 22.) Thereafter, the Court stayed this case pending Petitioner's appeals of his convictions, Petitioner withdrew his Petition, and the Court dismissed this case. (See Aug. 14, 2020 Order; ECF Nos. 29-30.) Petitioner later moved to reinstate this case. (ECF No. 36.) The Court accordingly vacated its prior dismissal Order. (See ECF Nos. 36, 45.) After obtaining leave to do so, Petitioner filed the Amended Petition, which only reasserted the first ground raised in the original Petition. (ECF No. 49.) Respondent responded to the Amended Petition. (ECF No. 50.) Finally, Petitioner filed a memorandum of law in support of the Amended Petition, which (among other things) confirmed that Petitioner withdrew the second and third grounds raised in the original Petition, namely, his double jeopardy arguments and his challenge to his guilty plea and appellate waiver. (See ECF No. 52 at 17.)

5

## II. LEGAL STANDARDS

### A. Overview of the AEDPA

Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), to restrict "the power of federal courts to grant writs of habeas corpus to state prisoners." Williams v. Taylor, 529 U.S. 362, 399 (2000) (O'Connor, J., concurring). Under the AEDPA, a prisoner may file a habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To make that showing, the petitioner must demonstrate: (1) the exhaustion of state remedies, (2) the absence of a procedural bar, and (3) the satisfaction of the AEDPA's deferential review of state court decisions. See id. § 2254.

### B. AEDPA Standard of Review

To determine the merits of a habeas corpus claim for a petitioner in state custody, federal courts apply the standard of review set forth in 28 U.S.C. § 2254 to the "last reasoned decision" by the state court. McCray v. Capra, 45 F.4th 634, 640 (2d Cir. 2022) (quoting Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991)). Under that standard, the state court's adjudication of the claim must have either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). The Supreme Court has "often emphasized that 'this standard is difficult to meet' 'because it was meant to be.'" Sexton v. Beaudreaux, 585 U.S. 961, 965 (2018) (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011)). "The petitioner bears the ultimate burden of

6

proving by a preponderance of the evidence that his constitutional rights have been violated." Epps v. Poole, 687 F.3d 46, 50 (2d Cir. 2012) (citing Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997)).

"The Supreme Court has instructed that [the AEDPA]'s 'contrary to' and 'unreasonable application of' clauses have independent meaning." Carmichael v. Chappius, 848 F.3d 536, 544 (2d Cir. 2017) (citing Williams, 529 U.S. at 404-05). A state court decision is "contrary to clearly established federal law when it 'applies a rule that contradicts the governing law set forth in Supreme Court caselaw or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.'" McCray, 45 F.4th at 640 (quoting Lockyer v. Andrade, 538 U.S. 63, 73 (2003)) (alterations omitted). This standard "refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision." Id. (quoting Yarborough v. Alvarado, 541 U.S. 652, 660-61 (2004)) (brackets omitted). "A decision is an 'unreasonable application' of clearly established federal law 'if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Jordan v. Lamanna, 33 F.4th 144, 150 (2d Cir. 2022) (quoting Williams, 529 U.S. at 413) (brackets omitted).

Granting relief under § 2254(d)(1) is appropriate "only 'where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with the Supreme Court's precedents." McCray, 45 F.4th at 640 (quoting Harrington, 562 U.S. at 102); see Schriro v. Landrigan, 550 U.S. 465, 473 (2007) ("The question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."). In other words, the state court's ruling "must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any

possibility for fairminded disagreement.'" Shoop v. Hill, 586 U.S. 45, 48, (2019) (per curiam) (quoting Harrington, 562 U.S. at 103). The AEDPA thus "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." Jones v. Murphy, 694 F.3d 225, 234 (2d Cir. 2012) (quoting Hardy v. Cross, 565 U.S. 65, 66 (2011) (per curiam)).

Under the "unreasonable determination of the facts" clause of § 2254(d)(2), a federal court must "presume the correctness of state courts' factual findings unless [the petitioner] rebut[s] this presumption with 'clear and convincing evidence.'" Schriro, 550 U.S. at 473-74 (quoting 28 U.S.C. § 2254(e)(1)). A state court's findings of fact will be upheld "unless objectively unreasonable in light of the evidence presented in the state court proceeding." Lynn v. Bliden, 443 F.3d 238, 246-47 (2d Cir. 2006) (quoting Miller-El v. Cockrell, 537 U.S. 322, 340 (2003)). Thus, "§2254(d)(2) requires that [federal courts] accord the state trial court substantial deference. If 'reasonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's determination.'" Brumfield v. Cain, 576 U.S. 305, 314 (2015) (quoting Wood v. Allen, 558 U.S. 290, 301 (2010)) (alterations omitted).

**C.     Petitioner's Pro Se Status**

As noted above, Petitioner bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated. Epps, 687 F.3d at 50; Jones, 126 F.3d at 415. Given his pro se status, the Court construes Petitioner's submissions liberally and interprets them "to raise the strongest arguments that they suggest." United States v. Pilcher, 950 F.3d 39, 44 (2d Cir. 2020) (per curiam) (quoting McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam)). This policy is "driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro

8

se litigants from inadvertent forfeiture of important rights because of their lack of legal training." McLeod, 864 F.3d at 156 (emphasis added; internal quotation marks omitted). This liberal interpretation of Petitioner's submissions, however, "does not exempt [Petitioner] from compliance with relevant rules of procedural and substantive law." E.g., United States v. Starling, 76 F.4th 92, 99 (2d Cir. 2023) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)); see Faretta v. California, 422 U.S. 806, 834 n.46 (1975) (similar).

### III.  DISCUSSION

Petitioner argues that the indictment underlying his Suffolk County prosecution was jurisdictionally defective for failing to provide constitutionally sufficient notice of the offense because it alleged the offense conduct spanned only eleven months (from April 2015 to March 1, 2016) when in fact the offense conduct continued for an additional six months. (See ECF No. 49 at 6.) This challenge fails for several reasons.

"Habeas corpus is not available to test the sufficiency of the [state court] indictment." U.S. ex rel. Mintzer v. Dros, 403 F.2d 42, 43 (2d Cir. 1967) (citing U. S. ex rel. Tangredi v. Wallack, 343 F.2d 752, 753 (2d Cir. 1965) (per curiam)). This is because "indictment by grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment . . . ." Branzburg v. Hayes, 408 U.S. 665, 688 n.25 (1972) (citing Hurtado v. California, 110 U.S. 516 (1884)); see Alexander v. Louisiana, 405 U.S. 625, 633 (1972); LanFranco v. Murray, 313 F.3d 112, 118 (2d Cir. 2002). Thus, "[a]lleged defects in the indictment would . . . not be cognizable on a petition for habeas corpus because there is no federal constitutional right to an indictment in a state court criminal case." Guerrero v. LaManna, 325 F. Supp. 3d 476, 484 n.2 (S.D.N.Y. 2018) (citing United States ex rel. Curtis v. Warden of Green Haven Prison, 463 F.2d 84, 87 (2d Cir. 1972)); see, e.g., Proctor v. McCarthy, No. 19-CV-2988,

2023 WL 4562405, at *2 (S.D.N.Y. July 17, 2023) (rejecting habeas corpus petition as not cognizable because it asserted the state court indictment was jurisdictionally deficient); Jackson v. Comm'n of New York State Dep't of Correction & Cmty. Supervision, No. 18-CV-00270, 2023 WL 2435754, at *2 (E.D.N.Y. Feb. 3, 2023) (same); Mirrer v. Smyley, 703 F. Supp. 10, 11-12 (S.D.N.Y. 1989) (rejecting habeas corpus petition concerning state court grand jury deficiencies as not premised on a federal constitutional right), aff'd, 876 F.2d 890 (2d Cir. 1989).

"[E]ven if the state law claims were cognizable in a federal habeas petition, they would, in any event, be barred under federal law by the petitioner's guilty plea." Guerrero, 325 F. Supp. 3d at 484.[1]

> When the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

United States v. Broce, 488 U.S. 563, 569 (1989); see Tollett v. Henderson, 411 U.S. 258, 267

---

[1] While Petitioner affirmatively withdrew the claim that his guilty plea was not knowing, intelligent, and voluntary (see ECF No. 52 at 17), he asserted elsewhere in his reply memorandum that his guilty plea was "not constitutionally obtained voluntarily, knowingly, and intelligently" given the alleged deficiency in the indictment. (Id. at 5.) As explained below, however, Petitioner's challenge to the indictment is meritless. And even if the indictment was deficient for the reasons Petitioner propounds, that is an independent issue from the validity of Petitioner's guilty plea. To successfully challenge the validity of a guilty plea, Petitioner must demonstrate that his plea was not "a voluntary and intelligent choice among the alternative courses of action open to [him]." North Carolina v. Alford, 400 U.S. 25, 31 (1970). "[A] plea is deemed 'intelligent' if the accused had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way; it is deemed 'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally." Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir. 1988) (citing Brady v. United States, 397 U.S. 742, 750 (1970)). Petitioner's plea was intelligently made because "[h]e was advised by competent counsel, he was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties." Brady, 397 U.S. at 756; (see generally, Plea Hr'g Tr., ECF No. 50-19.) Petitioner's plea was voluntary because he "makes no claim that his plea was obtained through coercion, whether in the form of force or threats. And during his plea colloquy he explicitly disclaimed having received any promises" apart from the court's conditional promise to sentence Petitioner as it ultimately did. United States v. Delvalle, 94 F.4th 262, 266 (2d Cir. 2024); (see Plea Hr'g Tr., ECF No. 50-19 at 6:21-18:24.). The undersigned accordingly agrees with the Appellate Division, Second Department that Petitioner's guilty plea was sufficient. See Kattis I, 146 N.Y.S.3d at 839. Petitioner's suggestion that his plea was not knowing and voluntary because his offense conduct, in fact, spanned a longer time period than the time period charged in the indictment is absurd.

10

(1973); Whitehead v. Senkowski, 943 F.2d 230, 233 (2d Cir. 1991). As an exception to that general rule, a defendant who pleads guilty may bring a habeas corpus challenge to the conviction that contests "the very power of the State to bring [him] into court to answer the charge" in the first place. Blackledge v. Perry, 417 U.S. 21, 30 (1974); see Menna v. New York, 423 U.S. 61, 62 n.2 (1975) (per curiam) ("[A] plea of guilty to a charge does not waive a claim that—judged on its face—the charge is one which the State may not constitutionally prosecute."). That is, "a guilty plea does not bar a [habeas petition] 'where on the face of the record the court had no power to enter the conviction or impose the sentence.'" Class v. United States, 583 U.S. 174, 181 (2018) (quoting Broce, 488 U. S. at 569).[2] That is not the case here. Even if the Suffolk County indictment was somehow constitutionally deficient for not charging that Petitioner's conduct continued for an additional six months, such a shortcoming would not "lay in the State's power to bring any indictment at all." Broce, 488 U.S. at 575. Petitioner acknowledges that fact. (See ECF No. 52 at 6 (asserting that the indictment should have "allege[d] the commission of the entire 17-month time period"). Indeed, the indictment's alleged deficiency could "have been 'cured' through a new indictment." Class, 583 U.S. at 181 (quoting Blackledge, 417 U.S. at 30). Petitioner's guilty plea therefore forecloses the instant challenge to his convictions. See Tollett, 411 U.S. at 266-67 (holding that a defendant's guilty plea foreclosed his habeas corpus claim that an unconstitutionally selected grand jury issued the indictment); United States v. Hansel, 70 F.3d 6, 8 (2d Cir. 1995) ("[A]ny error in the grand jury proceedings must be considered harmless in light of Hansel's guilty plea."); see also Haring v. Prosise, 462 U. S. 306, 321 (1983) (explaining

---

[2] Under this principle, a defendant who pleads guilty may thereafter assert that the statute underlying his conviction is unconstitutional, see Class, 583 U.S. at 176, that the Double Jeopardy Clause of the Constitution barred the indictment, see Menna, 423 U.S. at 62-63, or that the commencement of a prosecution was vindictive in violation of the Due Process Clause of the Constitution. See Blackledge, 417 U.S. at 30-31; cf. Broce, 488 U.S. at 576 (holding that guilty pleas foreclosed double jeopardy challenges to indictments because the arguments required looking beyond the "indictments and the existing record" and necessitated "contradicting th[e] indictments").

11

that a defendant's guilty plea rendered earlier constitutional issues "irrelevant to the constitutional validity of the conviction" under habeas corpus review).

While the Court concludes that Petitioner's challenge to the sufficiency of the state court indictment is not cognizable (and is barred by his guilty plea), the undersigned notes that some district court decisions have held that a habeas corpus petition may assert that a state court indictment "f[ell] below basic constitutional standards." Miller v. New York, No. 15-CV-2741, 2019 WL 1232085, at *4 (E.D.N.Y. Mar. 15, 2019) (quoting Mackenzie v. Portuondo, 208 F. Supp. 2d 302, 313 (E.D.N.Y. 2002)). Even under the standard applied by these courts—which tracks the standard used to test the sufficiency of federal indictments—Petitioner's claim falls short. An indictment is "constitutionally sufficient if 'it charges a crime [1] with sufficient precision to inform the defendant of the charges he must meet and [2] with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." United States v. Logan, 845 F. Supp. 2d 499, 518 (E.D.N.Y. 2012) (quoting DeVonish v. Keane, 19 F.3d 107, 108 (2d Cir. 1994)); see United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007); Crews v. Miller, No. 19-CV-2091, 2019 WL 4861421, at *12 (E.D.N.Y. Sept. 30, 2019). Thus, "indictments are not required to do anything more 'than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" United States v. Skelos, 988 F.3d 645, 659 (2d Cir. 2021) (quoting United States v. Stringer, 730 F.3d 120, 124 (2d Cir. 2013)) (emphasis added). An indictment "need not be perfect, and common sense and reason are more important than technicalities." United States v. Benjamin, 95 F.4th 60, 66 (2d Cir. 2024) (quoting United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998)).

12

Under those principles, Petitioner's challenge to the Suffolk County indictment fails on the merits. The undersigned agrees with the Appellate Division, Second Department that the indictment—which specified the time, place, and conduct of the charged crimes and allowed Plaintiff to obtain vacatur of his subsequent Nassau County conviction on double jeopardy grounds—was constitutionally sufficient.[3] (See Suffolk Cnty. Indictment, ECF No. 50-10); Kattis I, 146 N.Y.S.3d at 839 (rejecting challenge to Suffolk County indictment); Kattis II, 147 N.Y.S.3d at 429 (reversing Nassau County conviction because "constitutional double jeopardy principles preclude[] a second conviction"); Lanfranco, 313 F.3d at 120 (reversing grant of habeas corpus petition predicated on an alleged variance from the offense conduct date in an indictment because the petitioner "was on notice" of the criminal conduct "[r]egardless of the date provided in the original indictment"); see also United States v. McGee, 564 F.3d 136, 142 (2d Cir. 2009) (holding that the government need only prove a defendant committed a crime on a date "reasonably near" the "on or about" date alleged in an indictment (internal quotation marks omitted)).[4]

## IV. CONCLUSION

The Court has considered all of Petitioner's arguments and found them meritless. Accordingly, the Amended Petition is DENIED.

---

[3] Petitioner's argument that the Suffolk County indictment impermissibly "divid[ed] an uninterrupted time period of an offense into separate periods to be able to charge" the same conduct "under separate indictments" fails. (ECF No. 50-10 at 7-9.) As the reversal of the Nassau County conviction makes clear, double jeopardy principles shield Petitioner from a second prosecution based on the offense at issue in the Suffolk County indictment. See Kattis II, 147 N.Y.S.3d at 429.

[4] Relatedly, "courts in this Circuit have consistently upheld indictments with broad timespans in child sex abuse cases because young victims often do not remember the exact date of when an alleged offense occurred." Errington v. Warden Bedford Hills Corr. Facility, No. 17-CV-00258, 2019 WL 3556683, at *11 (W.D.N.Y. Aug. 5, 2019) (internal quotation marks omitted) (collecting cases), aff'd, 806 F. App'x 76 (2d Cir. 2020); see also Valentine v. Konteh, 395 F.3d 626, 632 (6th Cir. 2005) ("This Court and numerous others have found that fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements." (collecting cases)).

A certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied any constitutional rights. See 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal of this Order would not be taken in good faith, and thus in forma pauperis status is denied for the purposes of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Memorandum & Order to Petitioner and to close this case.

**SO ORDERED.**

Dated:  June 7, 2024
         Central Islip, New York

                                                    (/s/ JMA)
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE